# EXHIBIT 5

## CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT is made this 17th of January 2011, between Oneida Ltd. of 163-181 Kenwood Avenue, Oneida, New York 13421 ("Oneida") and Royal Porcelain and its agent, Tablewerks (together the "Vendor"). In consideration of the mutual obligations and promises set forth herein, the parties agree as follows:

1. CONFIDENTIAL INFORMATION. In the process of quoting and producing an Oneida proprietary dinnerware shape VENDOR ("the Project"), VENDOR will receive from Oneida certain information, including but not limited to, technical drawings, prototypes and other proprietary information regarding a new dinnerware shape (jointly "Confidential Information"). Upon each and every disclosure of Confidential Information, VENDOR will have a duty to protect and keep confidential all Confidential Information. Unless otherwise designated by Oneida in advance, Oneida deems all information provided to VENDOR under this agreement confidential.

2. NON-DISCLOSURE. VENDOR agrees (a) not to disclose or reveal Confidential Information to any person other than its officers and employees who are actively and directly participating in the Project or who otherwise need to know the Confidential Information for the purpose of the Project and (b) not to use the Confidential Information for any purpose other than in connection with the Project including but not limited to using the information to produce dinnerware for competitors of Oneida or for its own benefit. All Confidential Information in tangible form, disclosed or created hereunder, shall be returned to Oneida at Oneida's written request.

3. TERMINATION. Termination of this Agreement shall not relieve VENDOR of any confidentiality obligation with respect to Confidential Information disclosed or developed hereunder prior to termination.

4. NO OBLIGATION: It is acknowledged that by signing this Confidentiality Agreement neither party is committed to pursuing the Project. If VENDOR is not selected to, or opts not to work on the Project, VENDOR will promptly return to Oneida all copies of Confidential Information in its possession and will not retain any copies, in whole or on part, of such materials.

5. LICENSE. No license, express or implied, in the Confidential Information is granted to VENDOR other than to use the information in the manner and to the extent authorized by this Agreement. Ownership of all Confidential Information shall remain with Oneida.

6. REMEDIES. In the event of any breach or threatened breach by VENDOR of its obligations hereunder, Oneida shall be deemed to have suffered irreparable harm and shall be entitled to seek and obtain equitable relief in the form of temporary restraining orders and preliminary injunctions to enforce this Agreement. Such remedies shall be in addition to any other remedies available at law or in equity. Furthermore, VENDOR shall be responsible for and shall indemnify Oneida for all costs incurred while enforcing this Agreement, including but not limited to, attorney fees and court costs. In addition to the foregoing, in the event that it can be shown that VENDOR's breach of its

obligations hereunder directly or indirectly cause or contribute to a loss of or decline in sales of Oneida dinnerware product, VENDOR will indemnify Oneida for three (3) times the amount of the resulting loss of Oneida revenue.

7.   OTHER PROVISIONS. This Agreement contains the entire understanding between the parties relating to the subject matter hereof and supersedes all prior agreements or understandings between VENDOR and Oneida. This Agreement may not be amended, nor any of its terms or waived, except in a writing signed by both parties. The failure of either party to insist in any one or more instances upon the performance of any of the terms or conditions herein contained or to exercise any right hereunder shall not be construed as a waiver or relinquishment of the future performance of any such term or condition or the future exercise of such right. In the event that any part of this Agreement is determined to be invalid or unenforceable, the remaining portions of the Agreement shall continue in full force and effect. This Agreement may not be assigned by VENDOR without Oneida's prior written consent, which may be withheld in Oneida's sole discretion. This Agreement shall be construed and interpreted in accordance with the laws of the State of New York. This Agreement may be executed in any number of counterparts, by original or facsimile signature, and each such counterpart shall be deemed to be an original instrument, and all such counterparts shall together constitute the same Agreement.

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed by on the date first written above.

**ROYAL PORCELAIN PUBLIC CO., LTD.**

By: _____
Name: ____Kamolaphat Teepsuwan____
Title: Vice President – Sales and Marketing
Date: ____17/1/11____

**ONEIDA LTD.**

By: _____
Name: _____
Title: _____
Date: _____

**TABLEWERKS, INC.**

By: _____
Name: ____Richard F. Erwin____
Title: ____President____
Date: ____17 JANUARY, 2011____

2