IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ONEIDA GROUP INC.<br><br>Plaintiff,<br><br>- against -<br><br>STEELITE INTERNATIONAL U.S.A. INC., TABLEWERKS, INC., RICHARD ERWIN, STEVEN LEFKOWITZ, and ANTHONY DELOSREYES<br><br>Defendants. | C.A No. 2:17-cv-00957 ADS AKT<br><br><br><br>**JURY TRIAL DEMANDED** |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

NOW COME Defendants, Steelite International U.S.A., Inc., Steven Lefkowitz and Anthony DeLosReyes ("Defendants"), by and through their undersigned counsel in the above-captioned matter, pursuant to Fed. R. Civ. P. 12(b)(6), and file the following Reply to Plaintiff's Response to Defendants' Motion to Dismiss for Failure to State a Claim, stating the following in support thereof:

**I.     ARGUMENT**

As a threshold matter, Oneida's response to Defendants' motion to dismiss does nothing but reiterate its allegations that (1) Defendants Lefkowtiz and DeLosReyes had access to confidential and alleged trade secret information; and (2) Defendants Lefkowitz and DeLosReyes are now employed by Defendant Steelite, a competitor. Based on these premises, Oneida purports to assert as fact that Defendants Lefkowitz and DeLosReyes "must be" disclosing or otherwise misappropriating Oneida's confidential and alleged trade secret information. Conspicuously absent from Oneida's response is any explanation or elucidation as

to why the Court should overlook the total absence from the Complaint of any factual allegation as to the nature of the confidential and alleged trade secret information actually misappropriated by Defendants Lefkowitz and DeLosReyes and/or the confidential and alleged trade secret information that Defendants Lefkowitz and DeLosReyes have threatened to misappropriate.

Initially, Defendants do not dispute that Oneida has alleged that it possessed certain information that it deems confidential and proprietary.  Defendants do dispute, for the reasons set forth in their principal brief, that Oneida has sufficiently pleaded facts sufficient to allege that such information rises to the level of a "trade secret," as that term has come to be defined by statutory and common law.  However, even putting aside that issue for the purposes of this motion, Oneida still must sufficiently allege that Defendants "used a trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." Oneida cites Next Communs. v. Viber Media, No. 14-cv-8190, 2016 U.S. Dist. LEXIS 43525 (S.D.N.Y. Mar. 30, 2016), for the proposition that "specificity as to the precise trade secrets misappropriated is not required in order . . . to defeat . . . Motions to Dismiss." Id. at *3, citing Medtech Prods. Inc. v. Ranir, LLC, 596 F. Supp. 2d 778, 789 (S.D.N.Y. 2008); see also SD Prot., Inc. v. Del Rio, 498 F. Supp. 2d 576, 586 (E.D.N.Y. 2007) ("Naturally, [plaintiff] has no obligation to reveal those secrets in the Complaint simply to prove that they exist."). Defendants do not dispute that a plaintiff is not required to divulge its purported trade secrets in a pleading in order to state a claim for trade secret misappropriation.  However, nothing in Next Communs. stands for the proposition that a plaintiff is excused from sufficiently asserting a factual basis – beyond threadbare legal conclusions cast in the form of a factual averment – that a defendant "used a trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means."

2

In this case, assuming *arguendo* that Oneida has sufficiently pleaded the existence of *bona fide* "trade secrets," it has not pleaded with any specificity the manner in which Defendants Lefkowitz and DeLosReyes allegedly misappropriated such trade secrets. Rather, the sole allegation upon which Oneida's misappropriation claims rest – under both its misappropriation of trade secrets and unfair competition theories – is the unwarranted and unsupported conclusory assertions that because Defendants Lefkowitz and DeLosReyes had access to Oneida's confidential or "trade secret" information, and because Defendants Lefkowitz and DeLosReyes now are employed by a competitor, Defendants Lefkowitz and DeLosReyes "must be" misappropriating Oneida's confidential or "trade secret" information. The Complaint is devoid of any factual averments relative to the nature of the alleged confidential or "trade secret" information taken and/or the manner in which it was supposedly misappropriated. While Defendants do not dispute that misappropriation claims are not limited to the taking of physical data, it is unreasonable to assert – and Oneida cannot and does not– that Defendants Lefkowitz and DeLosReyes committed the entirety of the information to which they allegedly had access to memory. While Oneida has alleged that Defendants Lefkowitz and DeLosReyes had "access" to Oneida's alleged "trade secrets," it does not assert that Defendants Lefkowitz and DeLosReyes possessed or retained knowledge thereof following the cessation of their respective relationships with Onieda. This distinction is subtle, but crucial. In the absence of a requirement that a plaintiff articulate with some degree of specificity the nature of the confidential or trade secret information taken by a defendant, permitting misappropriation claims to proceed based on the mere fact that the defendant had access to confidential information would lead to the imposition of constructive noncompetition agreements in every case where an alleged "trade secret" is potentially implicated.

Its also is noteworthy that Oneida backs away from its allegations of actual misappropriation, falling back to what it apparently considers to be the more supportable contention of "threatened misappropriation." Oneida points out that its Complaint alleges that "Steelite, Tablewerks, and/or Erwin conspired with and induced one or more of Lefkowitz, DeLosReyes, and/or others to threaten to misappropriate Oneida trade secrets." Aside from the fact that this vague averment all but admits that Oneida has no idea who actually misappropriated or threatened to misappropriate any alleged trade secrets, it amounts to nothing more than a threadbare recital of an element of a cause of action, and is not entitled to the assumption of truth. Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).

Further, Oneida points out that it has alleged that "in offering and selling Steelite dinnerware products bearing Oneida's distinctive trade dress to Oneida's customers, Lefkowitz and DeLosReyes must be disclosing or using Oneida's trade secrets to benefit Steelite and to injure Oneida." Putting aside Oneida's conflation of the concepts of trade dress and trade secrets, this allegation is nothing more than Oneida's assertion that Defendants Lefkowitz and DeLosReyes will inevitably disclose Oneida's alleged "trade secret" information. As set forth more fully in Defendants' principal brief, the doctrine of inevitable disclosure has all but been eviscerated under federal statutory and common law. Distilled to their essence, Oneida's misappropriation claims are predicated on the unwarranted and unfounded speculation that because Defendants Lefkowitz and DeLosReyes are employed by Defendant Steelite, they will inevitably disclose Oneida's alleged "trade secret" information. Without more, the mere assertion that Defendants Lefkowitz and DeLosReyes presently are working for a competitor of Oneida – which, given that there is no dispute that neither Defendant Lefkowitz nor DeLosReyes is subject to a noncompetition agreement, they are lawfully permitted to do – is insufficient as a

matter of law to nudge Oneida's misappropriation claims across the line from conceivable to plausible.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Accordingly, such claims must be dismissed.

### III.     CONCLUSION

In light of the foregoing, as well as for the reasons set forth in their principal brief, Defendants Steelite, Lefkowitz and DeLosReyes respectfully request that Oneida's claims predicated on the alleged misappropriation of trade secret information (Counts III-VI) be dismissed in their entirety and with prejudice.

Dated: May 5, 2017

Respectfully submitted,

STEELITE INTERNATIONAL U.S.A., INC., STEVEN LEFKOWITZ AND ANTHONY DELOSREYES

By: /s/Peter G. Siachos
    Peter G. Siachos
    NY Bar ID No. 4436168
    psiachos@gordonrees.com
    GORDON & REES LLP
    One Battery Park Plaza, 28th Floor
    New York, NY 10004
    Phone: (212) 269-5500
    Fax: (212) 269-5505

    John G. Ebken*
    PA Bar ID No. 91031
    jebken@gordonrees.com
    P. Gavin Eastgate*
    PA Bar ID No. 86061
    geastgate@gordonrees.com
    GORDON & REES LLP
    707 Grant Street, Suite 3800
    Pittsburgh, PA 15219
    Phone:  (412) 577-7400
    Fax:  (412) 347-5461

Howard Shipley*
D.C. Bar ID No. 460645
hshipley@gordonrees.com
GORDON & REES LLP
1300 I Street, N.W., Suite 825
Washington, DC 20005
Phone (202) 399-1009
Fax: (202) 800-2999

Attorneys for Defendants

Steelite International U.S.A., Inc., Steven Lefkowitz and Anthony DeLosReyes

**Pro hac vice* admission pending

**CERTIFICATE OF SERVICES**

I hereby certify that the foregoing *Reply to Plaintiff's Response to Defendants' Motion to Dismiss for Failure to State a Claim* was electronically filed on May 5, 2017.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF system

/s/Peter G. Siachos
Peter G. Siachos