UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
THE ONEIDA GROUP INC.,

      Plaintiff,

 -against-

STEELITE INTERNATIONAL U.S.A. INC.,
TABLEWERKS, INC., RICHARD ERWIN, STEVEN
LEFKOWITZ, and ANTHONY DELOSREYES,

      Defendants.

Civil Action No. 2:17-cv-00957
(ADS) (AKT)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS TABLEWERKS, INC. AND RICHARD ERWIN'S MOTION TO DISMISS PLAINTIFF'S EIGHTH CAUSE OF ACTION

MOSES & SINGER LLP
David Rabinowitz, Esq.
Shari Alexander, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
E-mail: drabinowitz@mosessinger.com
E-mail: salexander@mosessinger.com

*Attorneys for Defendants Richard Erwin and North Rock Trading Company, Inc., f/k/a Tablewerks, Inc.*

## TABLE OF CONTENTS

                                                                                  **Page**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................ 2

PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS
      RELATIONS MUST BE DISMISSED ...................................................................... 2

I.     RULE 9(B) APPLIES TO PLAINTIFF'S ALLEGATIONS OF FRAUDULENT
       MISREPRESENTATIONS ........................................................................................ 2

II.    ONEIDA FAILS TO REFUTE THAT IT DID NOT SUFFICIENTLY PLEAD
       THAT DEFENDANTS USED DISHONEST, UNFAIR OR IMPROPER MEANS ......... 3

III.   ONEIDA DID NOT SUFFICIENTLY PLEAD THAT DEFENDANTS ACTED
       FOR A WRONGFUL PURPOSE .............................................................................. 5

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*16 Casa Duse, LLC v. Merkin*,
  791 F.3d 247 (2d Cir. 2015) ..................................................................................................... 5

*380544 Canada, Inc. v. Aspen Tech., Inc.*,
  633 F. Supp. 2d 15 (S.D.N.Y. 2009) ........................................................................................ 3

*Alnwick v. European Micro Holdings, Inc.*,
  281 F. Supp. 2d 629 (S.D.N.Y. Sept. 15, 2003) ....................................................................... 4

*Apace Commc'ns, Ltd. v. Burke*,
  522 F. Supp. 2d 509 (W.D.N.Y. 2007) ..................................................................................... 3

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
  822 F.2d 1242 (2d Cir. 1987) ................................................................................................... 4

*Fifth St. Fin. Corp. v. Toll*,
  No. 12 CIV. 5896 ER, 2013 WL 3757037 (S.D.N.Y. July 17, 2013) ....................................... 2

*Gortat v. Capala Bros.*,
  No. 07 Civ. 3629 (ILG) (SMG), 2011 WL 6945186 (E.D.N.Y. Dec. 30, 2011) ...................... 5

*Ivy Mar Co. v. C.R. Seasons Ltd.*,
  No. 95-CV-0508 (FB), 1998 WL 704112 (E.D.N.Y. Oct. 7, 1998) .......................................... 6

*Leemon v. Burns*,
  175 F. Supp. 2d 551 (S.D.N.Y. 2001) ...................................................................................... 4

*Maalouf v. Salomon Smith Barney, Inc.*,
  No. 02 CIV. 4770 (SAS), 2003 WL 1858153 (S.D.N.Y. Apr. 10, 2003) .................................. 2

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
  No. 91–civ–2923, 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ................................................. 4

*Polar Int'l Brokerage Corp. v. Reeve*,
  108 F. Supp. 2d 225 (S.D.N.Y. 2000) ...................................................................................... 4

*Procter & Gamble Co. v. Quality King Distributors, Inc.*,
  974 F. Supp. 190 (E.D.N.Y. 1997) ........................................................................................... 6

*RFP LLC v. SCVNGR, Inc.*,
  788 F. Supp. 2d 191 (S.D.N.Y. 2011) .................................................................................. 5, 6

*Scutti Enters., LLC. v. Park Place Entm't Corp.*,
 322 F.3d 211 (2d Cir. 2003) ............................................................................................. 2, 6

*Techno-Comp, Inc. v. Arcabascio*,
 130 F. Supp. 3d 734, 742 (E.D.N.Y. 2015) ........................................................................... 3

*Whitehurst v. 230 Fifth, Inc.*,
 998 F. Supp. 2d 233 (S.D.N.Y. 2014) ............................................................................... 5, 6

*Wine Markets Int'l, Inc. v. Bass*,
 177 F.R.D. 128 (E.D.N.Y. 1998) ........................................................................................... 6

**Statutes**

Fed. R. Civ. P. 8(a) ........................................................................................................... 1, 2

Fed. R. Civ. P. 9(b) ................................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1

Defendants North Rock Trading Company, Inc., f/k/a Tablewerks, Inc. ("Tablewerks") and Richard Erwin ("Erwin"), by their attorneys, Moses & Singer LLP, respectfully submit this memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Eighth Cause of Action of plaintiff, The Oneida Group's ("Plaintiff" or "Oneida"), Verified Complaint (the "Complaint"), for tortious interference with business relations.

## PRELIMINARY STATEMENT

Tablewerks and Erwin demonstrated in our moving Memorandum of Law (ECF No. 56) (the "Moving Brief") that Plaintiff failed to plead that defendants' alleged tortious interference was for a wrongful purpose or by dishonest, unfair or improper means. In response, Plaintiff argues that: (i) the Court should apply Fed. R. Civ. P. 8(a) to Oneida's averments (Pl. Br., at p. 5); (ii) the Complaint explains the nature of defendants' misrepresentations and makes clear that defendants knew their statements were false (Pl. Br. at pp. 8-10); and (iii) it alleged that defendants acted with the sole purpose of harming Oneida "by making misrepresentations to Oneida's customers, with the intention of cutting off Oneida's supply to its customers" (Pl. Br. at pp. 6-7).

Oneida, however, ignores and utterly fails to answer the numerous cases cited by Tablewerks and Erwin that hold that allegations of fraud used to satisfy the "wrongful means" element of a cause of action for tortious interference must satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Oneida failed to plead the identity of the speaker of the alleged misrepresentations or specify the dates when or the place where the alleged misrepresentations were made. Plaintiff says in its brief that it "specified Tablewerks as the speaker" but this is simply false: The Complaint only says "Steelite and/or Tablewerks." *Compare* Pl. Br. at p. 8 *with* Complaint, ¶¶ 69 and 71. Plaintiff says the misrepresentations occurred "after the acquisition on December 12, 2016" but this, too, is legally insufficient to specify when and where the misrepresentations occurred. Finally, Plaintiff fails to refute that it has not alleged that defendants acted *with the sole*

*purpose* of harming Oneida, nor can it plausibly make such an allegation, where it is obvious that the Tablewerks-Steelite asset sale was done to advance Tablewerks' and Erwin's economic self-interest.

# ARGUMENT

## PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS MUST BE DISMISSED

I.  RULE 9(B) APPLIES TO PLAINTIFF'S ALLEGATIONS OF FRAUDULENT MISREPRESENTATIONS

Oneida fails to respond to the numerous cases cited by Tablewerks and Erwin holding that allegations of fraud used to satisfy the "wrongful means" element of a cause of action for tortious interference must meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *See* the six cases cited on this exact point at Moving Brief, pp. 8-9 and not mentioned by Oneida. Oneida argues only that New York courts continue to apply Fed. R. Civ. P. 8(a) generally to tortious interference with business relations claims (Pl. Br. at p. 5), but the six cases that Oneida ignores show that it is Rule 9(b) that applies when fraud is alleged as the tortious means.

The cases cited by Plaintiff (Pl. Br. at p. 5) are inapposite. Indeed, the first case, *Scutti Enters., LLC. v. Park Place Entm't Corp.*, 322 F.3d 211, 215 (2d Cir. 2003) is contrary to Oneida's position: The Second Circuit specifically stated that "[w]e note that while Scutti's complaint and briefs present a torts claim, ***they occasionally allege that Park Place committed fraud, which implicates the more stringent requirements of Fed.R.Civ.P. 9(b)***." (emphasis added). *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 CIV. 4770 (SAS), 2003 WL 1858153, at *5-6 (S.D.N.Y. Apr. 10, 2003) (Pl. Br. at p. 5) did not involve any allegations of fraud. Finally, in *Fifth St. Fin. Corp. v. Toll*, No. 12 CIV. 5896 ER, 2013 WL 3757037, at *5 (S.D.N.Y. July 17, 2013) (Pl. Br. at p. 5), the Court did not have to address the defendants' argument that Rule 9(b) applied to the plaintiff's allegations of fraud, because it held that the claim did not even pass muster under Rule 8(a).

Thus, it is clear that Rule 9(b)'s heightened pleading standard applies to Plaintiff's allegations of fraudulent misrepresentation.

## II. ONEIDA FAILS TO REFUTE THAT IT DID NOT SUFFICIENTLY PLEAD THAT DEFENDANTS USED DISHONEST, UNFAIR OR IMPROPER MEANS

As noted above, Oneida failed to plead the identity of the speaker of the alleged misrepresentations or specify the dates when or the place where the alleged misrepresentations were made. The Complaint therefore fails the Rule 9(b) specificity test.

Oneida's allegations that "Steelite and/or Tablewerks" made the misrepresentations (Complaint, ¶¶ 69, 71) are insufficient as a matter of law. As explained in *Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp. 3d 734, 742 (E.D.N.Y. 2015):

> [A] fraud claimant must allege "the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *Ouaknine* [*v. MacFarlane*, 897 F.2d [75,] 79 [(2d Cir. 1990)]. Thus, a plaintiff's complaint cannot survive a motion to dismiss if it does not allege any specific communications whatsoever with the defendant. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 ([2d Cir.] 1993) (in a securities fraud case, noting that **"Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"** and "[t]he mere fact that the [individual defendants] were controlling persons at [the defendant company] does not link them to the statements;" Rule 9(b) requires that "plaintiffs ... allege that the [individual defendants] *personally* knew of, or participated in, the fraud") (emphasis *added* and in *original*).

*See also 380544 Canada, Inc. v. Aspen Tech., Inc.*, 633 F. Supp. 2d 15, 28 (S.D.N.Y. 2009) ("by attributing the misrepresentations to three defendants, the amended complaint fails to link each individual defendant to a specific fraudulent statement in any meaningful way"); *Apace Commc'ns, Ltd. v. Burke*, 522 F. Supp. 2d 509, 517 (W.D.N.Y. 2007) (finding that plaintiff failed to comply with Rule 9(b) where "[r]ather than attribute specific false statements to specific individual defendants, the complaint typically alleges that multiple defendants (whether identified by name or simply as 'these defendants' or some similar collective term), sometimes in concert with unnamed 'others,' made misrepresentations about some general subject matter at 'around' certain periods of

time (often narrowed down no further than to a particular month)."); *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 640 (S.D.N.Y. Sept. 15, 2003) (Rule 9(b) standards were not satisfied were complaint lumped several defendants together and "fail[ed] to specify what each defendant said"). *Leemon v. Burns*, 175 F. Supp. 2d 551, 556 (S.D.N.Y. 2001) ("[A] complaint alleging fraud against multiple defendants must state the allegations specifically attributable to each individual defendant."); *Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) (dismissing complaint where it did "not differentiate in any way between defendants," or "attempt to link any of the defendants with the alleged fraudulent statements."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91–civ–2923, 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 1994) ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b).").

Furthermore, Oneida's assertion (Pl. Br. at p. 9) that the allegations made on information and belief in paragraph 69 are "peculiarly within the opposing party's knowledge" is false. Oneida alleged that "key Oneida customers" were the recipients of the misrepresentations (Complaint, ¶ 70). The information that misrepresentations were made must have come from the "key Oneida customers." Evidently, Oneida is privy to information concerning the alleged misrepresentations from these customers. Plainly, this information is not only not peculiarly within defendants' knowledge, but is also available to Oneida from these third party sources. This is much different from the shareholder derivative suit example provided by *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1248 (2d Cir. 1987) (Pl. Br. at p. 9), where the complaining stockholders knew little of the ways in which the corporation's internal affairs were conducted.

Thus, Oneida fails to refute that it has not sufficiently pleaded that Tablewerks and Erwin used dishonest, unfair or improper means.

### III. ONEIDA DID NOT SUFFICIENTLY PLEAD THAT DEFENDANTS ACTED FOR A WRONGFUL PURPOSE

Oneida also fails to refute that it did not plead that Defendants acted for a wrongful purpose.

As discussed in the Moving Brief, to properly plead "wrongful purpose," Oneida would have to plausibly allege that Defendants' actions were *for the sole purpose* of inflicting intentional harm on Oneida. *RFP LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 196 (S.D.N.Y. 2011) ("To properly plead a wrongful purpose, SCVNGR would need to plausibly allege that Counter–Defendants' actions were '*for the sole purpose* of inflicting intentional harm' on SCVNGR.") (citing *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004) (emphasis added)); *see also Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 247–48 (S.D.N.Y. 2014) ("The third element poses a 'particularly high hurdle, for it requires a plaintiff to show that the defendant 'committed a crime or an independent tort [such as fraud], or [acted] for the sole purpose of inflicting intentional harm' on the plaintiff.'") (citations omitted). "If [ ] Defendants' 'interference [was] intended, at least in part, to advance [their] own competing interests,' then there was no 'wrongful purpose.'" *Id.* (citation omitted). *See also 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015) (where a defendant had a legitimate business purpose for its alleged misconduct, a tortious interference claim based upon the "sole purpose" exception to the independent criminal or tortious act requirement fails as a matter of law).

Not one of the allegations identified by Oneida in its opposition brief state that defendants acted *with the sole purpose* of harming Oneida. (Pl. Br. at pp. 6-7 (citing Complaint at ¶¶ 69-71, 151, 153). Nor could Oneida plausibly make such an allegation, where it is clear that the asset sale from Tablewerks to Steelite and any purported statements made by Steelite or Tablewerks were in order to advance their own economic self-interests, not solely to injure Oneida. *See Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2011 WL 6945186, at *5 (E.D.N.Y. Dec. 30, 2011) ("Actions motivated by economic self-interest are not actions taken with a wrongful purpose.")

(citing *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 191, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004)); *RFP LLC*, 788 F. Supp. 2d at 196 (S.D.N.Y. 2011) (if a party's "'interference [was] intended, at least in part, to advance [their] own competing interests,' then there was no 'wrongful purpose,'") (citing *PPX Enters., Inc. v. Audiofidelity Enters., Inc.*, 818 F.2d 266, 269 (2d Cir. 1987)). *See also Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 135 (E.D.N.Y. 1998) (Spatt, J.) ("If the defendant's interference is intended, at least in part, to advance its own competing interests, the claim will fail unless the means employed include criminal or fraudulent conduct.") (citation omitted).

Oneida's cases are not to the contrary. In *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 261 (S.D.N.Y. 2014) (Pl. Br. at p. 7), the tortious interference counter-defendants were not business competitors acting in their own self-interest, but rather, angry customers. Similarly, Plaintiff's reliance on *Scutti Enters., LLC.*, 322 F.3d at 217 and *Ivy Mar Co. v. C.R. Seasons Ltd.*, No. 95-CV-0508 (FB), 1998 WL 704112, at *1 (E.D.N.Y. Oct. 7, 1998) (Pl. Br. at p. 10) is unavailing where Plaintiff has failed to sufficiently plead wrongful means. Instead, this Court's holding in *Procter & Gamble Co. v. Quality King Distributors, Inc.*, 974 F. Supp. 190, 199 (E.D.N.Y. 1997) (Spatt, J.) is directly on point. There, Quality King alleged that Proctor & Gamble committed tortious interference by circulating a letter and press release disparaging Quality King. *Id.* at 195-96. This Court held that Quality King's claim for tortious interference with business relations failed because Proctor & Gamble was not motivated ***by the sole intent to harm Quality King*** but rather by Proctor & Gamble's own self-interest. *Id.* at 199.

Thus, Plaintiff fails to establish that it sufficiently pleaded that Tablewerks and Erwin acted with a wrongful purpose.

## CONCLUSION

For the foregoing reasons and for those set for in the Moving Brief, Defendants Tablewerks and Erwin respectfully request that Oneida's Eighth Cause of Action be dismissed.

Dated: New York, New York
      May 5, 2017

MOSES & SINGER LLP

By:   /s/ Shari Alexander
      David Rabinowitz, Esq.
      Shari Alexander, Esq.

The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
E-mail: drabinowitz@mosessinger.com
E-mail: salexander@mosessinger.com

*Attorneys for Defendants Richard Erwin and North Rock Trading Company, Inc., f/k/a Tablewerks, Inc.*