IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

THE ONEIDA GROUP INC.

                Plaintiff,

              - against -

STEELITE INTERNATIONAL U.S.A. INC.,
TABLEWERKS, INC., RICHARD ERWIN, STEVEN
LEFKOWITZ, and ANTHONY DELOSREYES

              Defendants.

_____

Civil Action No. 2:17-cv-00957

## STEELITE DISTRIBUTION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

Non-party Steelite Distribution, LLC ("Steelite Distribution") hereby moves, pursuant to Fed. R. Civ. P. 24(a)(2) and, in the alternative, Fed. R. Civ. P. 24(b)(1), this Court to permit Steelite Distribution to intervene in the above-captioned matter in order to protect its interests, which are inextricably intertwined with the subject matter of this litigation. Steelite Distribution's rights will be impaired if it is not permitted to intervene.

In support of this Motion, Steelite Distribution states as follows:

### FACTUAL BACKGROUND

In this litigation, Plaintiff seeks relief against, *inter alia*, Tablewerks, Inc. ("Tablewerks") and Steelite International, U.S.A., Inc. ("Steelite International") for alleged actions those entities took with respect to certain tableware designs. Those tableware designs were created by a renowned English design firm, Queensberry Hunt ("QH"), and were commissioned by, paid for,

and assigned to Tablewerks.  Since the products' inception, they have been manufactured for Tablewerks by Royal Porcelain Public Co. Ltd. ("Royal Porcelain").  Steelite Distribution is an entity formed in December, 2016 and is now an affiliate of Steelite International.  On December 12, 2016, Steelite Distribution acquired from Tablewerks substantially all of the intellectual property rights associated with the tableware designs to which Plaintiff claims rights and which Plaintiff has made the basis of this suit.  Further, Steelite Distribution has been granted a license and assignment to the United States intellectual property rights, as well as exclusive distribution rights, for products manufactured by Royal Porcelain.

Both Steelite International and Steelite Distribution deny the allegations Oneida has raised in its Complaint and subsequent briefing.  But crucially, it is Steelite Distribution, currently a non-party to this litigation, which owns the rights to the tableware designs involved in this litigation, and any claims regarding those rights cannot be properly adjudicated without Steelite Distribution's involvement.  Indeed, attempting to adjudicate this litigation without permitting Steelite Distribution to intervene would entirely impede Steelite Distribution's ability to protect its interests.

## **STEELITE DISTRIBUTION IS ENTITLED TO INTERVENE AS OF RIGHT**

Pursuant to Fed. R. Civ. P. 24, a court "must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  A non-party seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties

to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Steelite Distribution has satisfied all of these requirements.

First, Steelite Distribution's application is timely. This litigation was initiated only a few months ago, and the parties have just begun discussing the parameters of discovery. As no party will suffer prejudice as a result of Steelite Distribution's intervention, this factor is met.

Next, Steelite Distribution has a substantial interest in the action. As the Second Circuit has explained, while a remote interest is insufficient, "[n]o specific legal or equitable interest need be established." *Willis*, 231 F.R.D. 447, 449 (D. Conn. 2005). Steelite Distribution easily meets this standard. This Court has recognized the importance of two tableware designs (referred to as "BOTICELLI" and "NEXUS" by Plaintiff), and those designs have been a focal point of this litigation. Steelite Distribution possesses a significant interest in litigation involving such designs, as Steelite Distribution's acquisition of all of Tablewerks' intellectual property rights included, but was not limited to, ownership of patent number US D481,261 ("the '261 Patent") and a copyright application, No. 1-4108448151 ("the '151 Application") for the "BOTICELLI" design, and all intellectual property rights in the "NEXUS" design. Erwin Decl. ¶¶ 16, 17, 21 [ECF Doc. No. 27]. Further, through an agreement with Royal Porcelain, Steelite Distribution now acts as the exclusive distributor of all Royal Porcelain-manufactured products identified in the Distribution and Licensing Agreement ("DLA") between the two companies. Miles Decl. ¶ 24. It is the very designs in which Steelite Distribution owns significant rights and their distribution which is the crux of this action; Steelite Distribution could not have more of an interest in this litigation. In simple terms, Oneida's allegations all concern rights actually owned by Steelite Distribution.

As a result of this substantial interest, Steelite Distribution plans to file a Complaint (Exhibit A to attached Declaration of Peter G. Saichos) asserting claims of Patent Infringement, Copyright Infringement, Trade Dress Infringement pursuant to the Lanham Act, False Designation of Origin, Common Law Trade Dress Infringement, Common Law Unfair Competition, Commercial Disparagement, Breach of Contract, and Interference with Contractual Relations. Steelite Distribution will also seek a declaratory judgment declaring that Steelite Distribution possesses exclusive rights to distribute Royal Porcelain products in the United States. *See* Exhibit A.

Third – and unsurprisingly, given the depth of Steelite Distribution's interest in the issues now being litigated – disposition of Plaintiff's claims without Steelite Distribution's involvement would impair Steelite Distribution's interests. Steelite Distribution expended considerable efforts to secure both intellectual property rights and an exclusive distribution arrangement, and the resolution of Plaintiff's current claims without Steelite Distribution's involvement may impact its rights. No other party can assert Steelite Distribution's rights on behalf of it, and adjudicating Plaintiff's claims without respecting Steelite Distribution's contractually based and intellectual property rights would be inequitable. Because "[a]ny disposition on the merits would inevitably affect their claims since they arise from the same course of conduct and assert the same legal theories as the current plaintiffs," Steelite Distribution has satisfied the third element. *N.J. Carpenters Health Fund v. Residential Capital, LLC*, Nos. 08 Civ. 8781 & 08 Civ. 5093, 2010 WL 5222127, at *4 (S.D.N.Y. Dec. 22, 2010).

Finally, Steelite Distribution has shown that the interest is not protected adequately by the current parties to the action. With respect to this factor, the United States District Court for the Eastern District of New York has stated that "[t]he burden of showing such inadequacy is

minimal." *Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*, No. 05-CV-3634, 2007 WL 749737, at *7 (E.D.N.Y. March 7, 2007) (citing *Washington Electric*, 922 F.2d 92, 98 (2d Cir. 1990)). Even were it not, Steelite Distribution would comfortably meet this standard. Where "[n]o [other] party has the same interest in prosecuting violations with respect to the particular" rights asserted by a party, that party's interest is not protected adequately. *N.J. Carpenters Health Fund*, 2010 WL 5222127, at *4. Simply put, no other party in this action can represent Steelite Distribution's interests. Steelite Distribution solely possesses the rights it plans to both assert and/or defend in this action. The agreements which granted Steelite Distribution the intellectual property formerly owned by Tablewerks are wholly owned by Steelite Distribution, and Steelite Distribution – by the terms of the DLA – is the exclusive distributor of Royal Porcelain products within the United States.

Because Steelite Distribution has shown that it has (1) timely filed its application; (2) shown an interest in the action, (3) demonstrated that the interest may be impaired by the disposition of the action, and (4) an interest that is not protected adequately by the parties to the action, it is entitled to intervention as of right.

**STEELITE DISTRIBUTION IS ENTITLED TO PERMISSIVE INTERVENTION**

Even if the Court finds that Steelite Distribution has not satisfied the test for intervention of right (which it respectfully suggests that it has), this Court should nevertheless permit Steelite Distribution to intervene by permission. The standard for permissive intervention is markedly lower than intervention of right, and is easily met here. Unlike a motion under Fed. R. Civ. P. 24(b)(1)(B), a motion for permissive intervention need not satisfy the factors explained above. The Federal Rules of Civil Procedure provide that a court may permit a non-party, such as

Steelite Distribution, to intervene if it simply "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Steelite Distribution has made this showing. As shown above, the central questions in this litigation concern the ownership of certain tableware designs and the rights to distribute them, and Steelite Distribution intends to show that it owns the subject tableware designs (re-sold by Oneida as "BOTICELLI" and "NEXUS") along with the exclusive distribution rights to those products, among others. Oneida's allegations in the Complaint directly relate to, among other things, the rights Steelite Distribution possesses pursuant to the '261 Patent and the '151 Application. *See, e.g.,* Exhibit A to attached declaration of Peter G. Siachos, Complaint at ¶¶ 45-68.

## **CONCLUSION**

Because Steelite Distribution's rights are central to the claims already at issue in this litigation, and because it intends to assert its own claims regarding those rights, this Court should permit Steelite Distribution to intervene in this litigation either as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, by permission pursuant to Fed. R. Civ. P. 24(b)(1).

                Respectfully submitted,

                STEELITE DISTRIBUTION, LLC.

Date: June 14, 2017            By: /s/ Peter G. Siachos
                                          Peter G. Siachos
                                          NY Bar ID No. 4436168
                                          psiachos@gordonrees.com
                                          GORDON & REES LLP
                                          One Battery Park Plaza, 28th Floor
                                          New York, NY 10004
                                          Phone: (212) 269-5500
                                          Fax: (212) 269-5505

John G. Ebken
PA Bar ID No. 91031
jebken@gordonrees.com
P. Gavin Eastgate
PA Bar ID No. 86061
geastgate@gordonrees.com
GORDON & REES LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
Phone: (412) 577-7400
Fax: (412) 347-5461

Howard Shipley
D.C. Bar ID No. 460645
hshipley@gordonrees.com
GORDON & REES LLP
1300 I Street, N.W., Suite 825
Washington, DC 20005
Phone (202) 399-1009
Fax: (202) 800-2999

Attorneys for Steelite Distribution, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record electronically by CM/ECF.

           */s/ Peter G. Siachos*
           Counsel for Steelite Distribution, LLC