**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
THE ONEIDA GROUP INC.,

                              Plaintiff,                                  **ORDER**

                    - against -                                        CV 17-00957 (ADS) (AKT)

STEELITE INTERNATIONAL U.S.A. INC.,
TABLEWERKS, INC., RICHARD ERWIN,
STEVEN LEFKOWITZ, and
ANTHONY DELOSREYES,

                              Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court acknowledges receipt of the parties' individually submitted proposed discovery plans pursuant to Rule 26(f). *See* DE 90, 91. After reviewing both filings, it appears that Defendants take issue with proceeding with discovery (let alone expedited discovery) in light of Plaintiff's interlocutory appeal of Judge Spatt's Memorandum of Decision and Order which denied Plaintiff's motion for a preliminary injunction. *See* DE 83 (Judge Spatt's Memorandum of Decision and Order); DE 84 (Notice of Interlocutory Appeal). According to Defendants, because Plaintiff has filed the instant interlocutory appeal, "this Court has no jurisdiction to enter the relief Oneida is now seeking regarding expedited discovery arising from Judge Spatt's May 10 Decision and Order." DE 90 at 3. Plaintiff nevertheless takes the position that "[a]n interlocutory appeal to the Second Circuit does not impact discovery in this Court." DE 91 at 3.

       At this juncture, a ruling with respect to this issue would be premature since it has not been properly placed before Court. Specifically, to the extent Defendants seek affirmative relief from the Court, they must make a proper motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order *must* be made by motion.") (emphasis added). That has not been done here. As such, in

order for the Court to address this issue, a proper motion must be made in the first instance supported by case law and other relevant authority for the position taken.  In the event Defendants elect to proceed with motion practice as to this issue, the Court will permit the matter to briefed by letter motion or, in the alternative, by submission of a formal motion made pursuant to the Federal Rules of Civil Procedure.  If Defendants choose to proceed by letter motion, they are advised that they will be limited to a total of 3 pages.  Likewise, Plaintiff shall be limited to 3 pages in opposition.  No reply shall be permitted.  Further, attachments such as affidavits and declarations which themselves encompass voluminous documents and/or exhibits are not permitted since such attachments belie to purpose of letter motions.  *See* Rule III.A.1. of the Individual Rules of Practice of Magistrate Judge A. Kathleen Tomlinson (setting forth rules for submission of letter motions).  Should Defendants instead proceed by formal motion, they are to meet-and-confer with Plaintiff and submit a proposed briefing schedule to the Court for review and approval.

In light of the fact that the Court's decision on this threshold issue will impact whether discovery will proceed pending Plaintiff's interlocutory appeal, the Court declines to set down a date certain for an Initial Conference at this time.

**SO ORDERED.**

Dated: Central Islip, New York
       June 16, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge