HOWARD N. SHIPLEY
HSHIPLEY@GRSM.COM
DIRECT DIAL: (202) 372-9075

Admitted In:  DC and VA



ATTORNEYS AT LAW
1300 I STREET, N.W. SUITE 825
WASHINGTON, DC 20005
WWW.GRSM.COM

July 13, 2017

<u>Via ECF</u>
Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:   *The Oneida Group Inc. v. Steelite International U.S.A. Inc.*
           <u>Civil Action No. 2:17-cv-00957</u>

Dear Judge Tomlinson:

    Despite the fact that Oneida has now voluntarily dismissed its meritless interlocutory appeal, good cause for a stay of discovery exists. First, in his May 10 Order, Judge Spatt explained that Oneida's trade dress infringement claims were meritless because, amongst other reasons, "there are several other companies that have dishes that are very similar to the Botticelli. That means that Botticelli's design is not exclusive to Oneida" and that "Oneida never sought to claim trade dress protections against those competitors before this action." [Doc. No. 83 at 32]. On the eve of the preliminary injunction hearing that led to the court's opinion thoroughly rejecting Oneida's purported trade dress claims against Steelite, Oneida sent belated infringement notice letters to Tuxton China, Inc. ("Tuxton") and other competitors, causing Tuxton to file a declaratory judgment action against Oneida in the Central District of California, on May 20, 2017, seeking a declaratory judgment of non-infringement of Oneida's purported trade dress rights. Tuxton further sought a declaratory judgment that any alleged trade dress rights asserted by Oneida are invalid and unenforceable.

    Instead of proceeding in the California District Court on the merits, on June 9, 2017, Oneida filed a motion to dismiss that action contending that

> [a] currently pending lawsuit in the Eastern District of New York, The Oneida Group Inc. v. Steelite International U.S.A. Inc. et al., Case No. 2:17-cv-00957-ADS-AKT, substantially overlaps with the specific issues implicated in Tuxton's Complaint. Because the New York litigation is the first-filed action, Oneida

Hon. A. Kathleen Tomlinson
July 13, 2017
Page 2

requests that this Court dismiss this action so that Tuxton may be joined in the ongoing New York litigation.

See ECF Docket No. 12, Case No. 2:17-cv-02996-SVW-E (USDC Central District of California) (the "Tuxton Action"). Oneida has therefore represented to the California District Court that the issues in the Tuxton Action so "substantially overlap" the issues here that the Tuxton Action should be dismissed so that Tuxton can be joined to this action. Discovery should not proceed against the current Defendants until this joinder issue has been resolved.

It is also noteworthy that Oneida does not intend to present its motion to dismiss in the Tuxton Action until September 11, 2017. Id. Oneida's request for expedited discovery based solely on it allegedly being "irreparably harmed" by Steelite selling "its designs" completely ignores Tuxton's presence in the marketplace. Based on its motion to transfer the Tuxton action, Oneida also intends to allege that it is being "irreparably harmed" by Tuxton selling tableware products that are substantially similar or "copies" of the same alleged trade dress asserted against Oneida. Oneida itself has characterized the issues in this action as "substantially overlap[ping]" those in the Tuxton Action. Thus, Oneida's apparent willingness to wait until mid-September to present its motion in the Tuxton Action seemingly is at odds with the exigency it claims with respect to discovery in this action. Moreover, given that the issues in both matters apparently "substantially overlap" good cause exists to stay discovery until the California court can rule on Oneida's motion in the Tuxton Action.

If the California court grants Oneida's motion, Oneida will, according to its California filing, seek joinder of Tuxton in this action, a circumstance which would lead to additional discovery undertakings. Notably, at no time during the preliminary injunction proceedings or the Rule 26(f) conference did Oneida indicate to the Court or to Defendants its intention to join Tuxton to this action, nor did Oneida subsequently inform Defendants that it had filed a motion to dismiss proposing the joinder of Tuxton to this action; Steelite learned of this important development on its own. Any joinder of Tuxton, a competitor of both Oneida and Steelite, to this action likely will involve additional claims, counter-claims and potential cross-claims and, thus, the pleadings in this matter are not yet closed nor has the scope of this proceeding been settled.

The current parties to this action have discussed a discovery protocol and attempted to reach agreement regarding the scope of ESI searches, including the use of search terms and relevant custodians. However, without Tuxton's input on such issues, the parties' agreements may be worthless. Further, if Tuxton is joined to the proceedings, Oneida will undoubtedly seek to broaden its current discovery requests. Tuxton will undoubtedly seek discovery from Oneida and from the Defendants. The subsequent joinder of Tuxton creates a real potential for multiple searches for relevant documents and the expansion of custodian lists. To avoid unnecessary

Hon. A. Kathleen Tomlinson
July 13, 2017
Page 3

duplicative discovery costs and multiple searches of ESI and paper files, not to mention the differing scope of discovery should this case involve Tuxton as an additional party, Defendants are seeking a stay of discovery until there has been an adjudication of the proper parties and issues to be joined in this action.  Oneida cannot fairly dispute that the arguments advanced in its motion to dismiss the Tuxton Action pending in the Central District of California may drastically alter the scope of the claims and parties in this action.  Therefore, ordering discovery to proceed at this time would result in an unnecessary and excessive burden on Defendants, given that Defendants would have to respond to multiple discovery requests at different times, leading to multiple searches and additional costs and interference with our clients' day-to-day business operations.

Second, Defendants' motion for a stay is supported by the arguments set forth in their motion to dismiss, filed on March 31, 2017 [Doc. No. 52].  In their motion, made pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Steelite, Lefkowitz and DeLosReyes set forth their argument that Oneida's Complaint fails to assert any factual bases concerning the nature of the alleged confidential and/or trade secret information allegedly misappropriated by these defendants, let alone any factual basis for the assertion that such information rises to the level of a "trade secret."  Oneida has served discovery requests related to Counts III-VI of its Complaint, which Defendants contend fail to state claims upon which relief can be granted. [Doc. No. 53].  Should the Court agree with Defendants, discovery would be narrowed and Defendants should not have to incur the cost of searching for potentially responsive documents where the trade secret claims are, like Oneida's trade dress claims, utterly meritless.  For this additional reason, discovery should be stayed until a ruling on the motion to dismiss has been issued.

In light of the foregoing, Defendants respectfully request that they be given the opportunity to fully brief their motion to stay discovery.

                                               Respectfully submitted,

                                               */s/Howard N. Shipley*

                                               HOWARD N. SHIPLEY

                                               *Defendants Steelite International U.S.A., Inc.,*
                                               *Steven Lefkowitz and Anthony DeLosReyes*

cc:       All Counsel of Record (via e-ECF)