IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

THE ONEIDA GROUP INC.,

    Plaintiff,

- against -

STEELITE INTERNATIONAL U.S.A. INC., TABLEWERKS, INC., RICHARD ERWIN, STEVEN LEFKOWITZ, and ANTHONY DELOSREYES,

    Defendants.

Civil Action No.: 2:17-cv-00957 (ADS) (AKT)

**PLAINTIFF THE ONEIDA GROUP INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

I.  **NO PARTY OPPOSES ONEIDA'S MOTION FOR LEAVE AND STEELITE DISTRIBUTION DOES NOT CONTEST ONEIDA'S RIGHT TO PRESENT ITS PROPOSED CLAIMS**

No party filed an opposition to Oneida's Motion. Proposed defendant Robert Finley has not opposed Oneida's Motion. Thus, the proposed claims in Oneida's Amended Complaint against the current Defendants and proposed defendant Finley are unopposed.

Only proposed defendant Steelite Distribution LLC ("Steelite Distribution") filed an opposition to Oneida's Motion. DE 101. But Steelite Distribution does not contest the plausibility, timeliness, or lack of prejudice of the proposed claims and thus leave to amend should be freely given in accordance with Fed. R. Civ. P. 15(a)(2). *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) ("[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."). On these bases alone, Oneida's Motion should be granted in its entirety.

II. **STEELITE DISTRIBUTION'S PROCEDURAL OBJECTION IS MERITLESS**

Steelite Distribution's opposition merely raises a procedural issue, contending that Oneida should be required to present its claims against Steelite Distribution in a responsive pleading to Steelite Distribution's pending Complaint. DE 101. But Oneida's Amended Complaint alleges *inter alia* claims of false endorsement/false designation of origin, false advertising, and tortious interference with business relations against Steelite Distribution that are not responsive to the proposed claims in Steelite Distribution's pending Complaint. *Compare* DE 100-2 Ex. A, *with* DE 89-2 Ex. A. None of these claims would be compulsory counterclaims to any of the proposed claims in Steelite Distribution's pending Complaint because these causes of action involve different conduct that does not "arise[] out of the transaction or occurrence that

is the subject matter" of Steelite Distribution's proposed claims. Fed. R. Civ. P. 13(a). For example, Oneida's claims of false endorsement/false designation of origin and tortious interference with business relations concern Steelite Distribution informing dinnerware customers that it is offering for sale and selling "BOTTICELLI," "SANT' ANDREA," and "NEXUS" dinnerware products and customers must reorder the SANT' ANDREA® dinnerware patterns through Steelite Distribution. DE 100-2 Ex. A ¶¶ 180-191, 224-234. Similarly, Oneida's false advertising claim concerns false statements made on Steelite's website. *Id.* ¶¶ 236-242. Thus, these proposed claims in Oneida's Amended Complaint do not "preempt" any claims in Steelite Distribution's pending Complaint. *Cf*. DE 101 at 4-5.

Moreover, Oneida has an independent right to amend its complaint "when justice so requires" regardless of the Court's decision on Steelite Distribution's pending Complaint and any possible counterclaims permitted at that time. Fed. R. Civ. P. 15(a)(2). Steelite Distribution fails to explain why (and has no support for its position that) Oneida should be forced to wait to present these claims until after resolution of Steelite Distribution's motion to intervene. Judicial efficiency dictates that Oneida should be able to present all of its claims now, including claims for declaratory judgment. Oneida should not be compelled to hold any viable claims in abeyance based on the possible actions of a non-party. In addition, Steelite Distribution's suggestion that the Court should first address the prior-filed motion to intervene is meritless because the order of the motions is irrelevant, and Steelite Distribution has no authority suggesting otherwise. *See Wingate v. Gives*, No. 05 Civ. 1872(LAK)(DF), 2009 WL 424359, at *13 (S.D.N.Y. Feb. 13, 2009) (granting subsequently filed motion for leave under Rule 15(a)(2) at the same time as denying prior-filed motions to intervene).

Defendants have recognized that the proper posture was to plead copyright infringement as a counterclaim as Steelite stated in its post-hearing memorandum. DE 78 at 8 ("Steelite intends to assert a counterclaim for copyright infringement against Oneida…."). Thus, there is no "attempt to preempt," and Steelite Distribution's proposed intervention seeks to undercut Oneida's position as plaintiff. In any event, there is no unfairness to Oneida's declaratory judgment claims because Defendants intended to raise copyright infringement as a counterclaim.

### III.  STEELITE DISTRIBUTION FAILS TO EXPLAIN WHY DEFENDANTS DID NOT DISCLOSE THE COPYRIGHT OFFICE'S REJECTION OF THE COPYRIGHT APPLICATION

Steelite Distribution's attempts to trivialize the significance of Defendants' misrepresentations regarding the copyright applications miss the mark. It was Defendants that emphasized the copyright applications but Steelite Distribution now seeks to downplay them after making misleading representations about having pending enforceable copyrights. After Defendants repeatedly referenced the copyright applications, Defendants should have informed the Court and Oneida about any developments. Defendants presented the copyright applications in multiple contexts, including, for example, supporting their statute of frauds argument and their claim of trade dress ownership. It is in relation to this latter point of trade dress ownership, not trade dress infringement, that the pending copyright applications were cited in the May 10 Order. DE 83 at 10, 24. Despite admitting to learning in April that the Copyright Office determined Defendants did not have an enforceable copyright in the BOTTICELLI® design, Defendants did not, at *any* time, inform the Court.

Oneida's decision to focus its efforts on the trial on the merits in the district court by withdrawing its interlocutory appeal does not absolve Defendants of their obligations to the Court and Oneida. Nor were Defendants' obligations limited to the five days of the hearing from April 10-14, which makes the argument in Steelite Distribution's opposition brief perplexing.

Putting aside whether Defendants, or Steelite's counsel, knew about the rejection during the preliminary injunction hearing, Steelite admits that it received the Copyright Office rejection letters no later than April 19. DE 101 at 2. Thus, when Defendants submitted their post-hearing papers nine days later on April 28, Defendants were fully aware that the Copyright Office rejected the copyright application in the BOTTICELLI® design. Despite this, Defendants continued to make representations about the copyright applications that were, at best, disingenuous. For instance, Defendants claimed that "Steelite intends to assert a counterclaim for copyright infringement against Oneida and vigorously enforce its copyright protection in the product designs." DE 78 at 8; *see also* DE 74 at 14 ("Steelite has two patents and two pending copyright registrations that cover the disputed designs, while Oneida has no intellectual property registrations for the disputed designs."); DE 74 at 17-18 ("Tablewerks transferred ownership of the copyrights and copyright applications for the First Tableware Product and Second Tableware Product in a signed writing to Steelite pursuant to the December 2016 Patent and Copyright Assignment. … By contrast, there is no writing signed by Tablewerks or Steelite transferring any copyright rights to Oneida."). Defendants admittedly knew prior to April 28 that the Copyright Office had determined Defendants had no enforceable copyright in the BOTTICELLI® design, yet Defendants made the misleading statements anyway. Defendants used the appearance of valid and pending copyright registrations to contrast to the Court their right to produce the dinnerware with Oneida's purported lack thereof. The problem is that this appearance was predicated on a falsehood, and Defendants wrongfully withheld from the Court's attention the truth of the Copyright Office's rejection to preserve that falsehood until after the Court ruled on the motion for preliminary injunction. *See* DE 83 at 36 ("As stated above, the

Court finds that Oneida has not established a sufficiently serious question as to whether it has any right to continue to sell the products.").

Moreover, Oneida's claims seeking declaratory judgment that the subject matter of Defendants' copyright applications are ineligible for copyright protection and not copyrightable are appropriate because the application was refused by the Copyright Office. In infringement actions stemming from a refused application, "the district courts must make independent determinations of copyright validity." *Ward v. Nat'l Geographic Soc.*, 208 F. Supp. 2d 429, 445 (S.D.N.Y. 2002).

## IV. CONCLUSION

Oneida respectfully asks this Court to grant its Motion for Leave to File an Amended Complaint in its entirety.

Dated: August 28, 2017

Respectfully submitted,

MILBANK, TWEED, HADLEY & MCCLOY LLP

By: */s/ Christopher J. Gaspar*
Mark C. Scarsi
Ashlee Lin (*pro hac vice* admission pending)
MILBANK, TWEED, HADLEY & MCCLOY LLP
2029 Century Park East – 33rd Floor
Los Angeles, CA 90067
(424) 386-4000

Christopher J. Gaspar
Nathaniel T. Browand
Sean Hyberg
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY 10005
(212) 530-5000

*Attorneys for Plaintiff*
*The Oneida Group Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 28, 2017, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record electronically by CM/ECF.

                                                                     */s/   Christopher J. Gaspar*
                                                                     Christopher J. Gaspar