**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
THE ONEIDA GROUP INC.,

                    Plaintiff,                                  **ORDER**

          -against-                                 CV 17-957 (ADS) (AKT)

STEELITE INTERNATIONAL U.S.A. INC.,
TABLEWORKS, INC., RICHARD ERWIN,
STEVEN LEFKOWITZ, ANTHONY
DELOSREYES, and ROBERT FINLEY,

                    Defendants.
-------------------------------------------------------------X
STEELITE DISTRIBUTION, LLC,

                    Intervenor-Plaintiff,

         -against-

THE ONEIDA GROUP INC.,

                    Defendant.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed the appeal by Steelite Distribution LLC of a portion of this Court's May 30, 2018 ruling as to Steelite's motion to compel Plaintiff Oneida to search the records of additional ESI custodians. *See* DE 150. The Court has also reviewed Judge Spatt's Order [DE 151] directing Steelite to seek clarification from this Court as to whether the denial of Steelite's motion to compel the search of additional ESI custodians was with or without prejudice. In a letter dated June 22, 2018, Steelite's counsel states that "we respectfully submit that the denial should be without prejudice to Steelite's ability to seek the production of documents from additional custodians if facts revealed during ongoing discovery suggest that such custodians may have unique, relevant information." DE 152.

At the May 30, 2018 motion hearing/status conference with respect to Steelite's motion to compel the search of additional ESI custodians (and to expand the ESI search terms), the Court ruled as follows:

> [T]he defendant[s] received many if not all of the emails they cite as evidence from plaintiff's shared files, which the plaintiff has already produced. This is further evidence that the information supplied by the plaintiff is not deficient, and that the court should play no role in designating custodians. Now, I will say that having examined this area, Mr. Joseph and Mr. Taylor are slightly more plausible custodians. . . . The defendants must reach a high burden and prove that the responding party's choice is manifestly unreasonable, or the information the responding party produced is deficient. The defendants do not state a reason why these records would be different from and not simply duplicative of information that the plaintiff has already produced. However, it is the court's view that the information could help the defendants learn how Oneida handled that -- the fact that the designs already belonged to Tableworks. The plaintiff Oneida CEO Patrick Lockwood-Taylor is the final potential additional custodian. He stated in an interview, {quote} "Steelite's status as the exclusive distributor of products manufactured by Royal Porcelain, the Thai company that manufactures the disputed products is no issue for us anymore. We are free to practice under these marks. We have an alternative supply chain we believe to be superior in terms of values and design. It creates an equal or better product and it also gives us more room for innovation." {close quote}. Mr. Taylor's statement when [ ] combined with Joseph's email chain could indicate that there's more light that needs to be shed on this particular issue. On that basis, I am going to permit the addition of Joseph and Taylor as custodians whose files are to be searched, but I find that as to the other individuals whom the defendants are looking to add to this list, defendants have not satisfied the burden that I've set forth here this morning from the respective case law.

As can be seen here, the Court permitted the addition of two custodians, but advised counsel that Defendants did not meet their burden under the relevant case law to go beyond that point. However, nothing in the Court's ruling precluded Defendants from subsequently seeking the addition of other ESI custodians if they were able to meet their burden as discovery progressed. This is the same logic which the Court applied in its next ruling with respect to the motion to

expand ESI search terms.  Therefore, the portion of the Court's ruling denying the further addition of ESI custodians beyond the two granted at the conference (Joseph and Taylor) was without prejudice.  It is unfortunate that the Defendants did not seek clarification of the Order (or move for reconsideration if they were unsure) rather than expend additional costs on an appeal.

**SO ORDERED.**

Dated: Central Islip, New York
 June 26, 2018

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
United States Magistrate Judge